UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

REBECCA SABIN

        Plaintiff                 Case No.

V.

AUTOVEST, L.L.C.                 **COMPLAINT AND JURY DEMAND**

        Defendant

I. **Introduction**

1. Plaintiff brings this action to secure redress against unlawful collection practices by the defendant, which practices violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et. seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.*

2. Defendant filed a collection lawsuit against the plaintiff when that lawsuit was barred by the statute of limitations.

3. Defendant also made false and/or misleading representations in its state court collection action.

II. **Jurisdiction**

4. This court has jurisdiction over the FDCPA claims under 15 U.S.C. § 1692(k) and 28 U.S.C. §§ 1331 and 1337. The court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1337.

5. Venue in this district is proper because defendant transacts business here, the conduct

complained of occurred here and plaintiff resides in this district.

### III.  Parties

6. Plaintiff is an individual who lives in the city of Fremont, Michigan, in the Western District of Michigan.

7. Defendant, Autovest, L.L.C., is a Michigan limited liability company that does business in the Western District of Michigan, including filing collection lawsuits in state courts in Grand Rapids and elsewhere within the Western District of Michigan.

8. Defendant regularly takes assignments of unpaid debts after those debts are in default and attempts to collect such debts by various means, including filing collection lawsuits.

9. Autovest, L.L.C. is a "debt collector" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a.

10. Defendant is a "regulated person" as the term is used and defined in the MCPA.

### IV.  Facts

11. In February 2006, plaintiff purchased a used car from Deur Speet Motors, Inc. in Fremont, Michigan under a retail installment contract. A copy of the contract is attached as Ex. 1.

12. Plaintiff's purchase of the car was for personal, family or household use and the resulting obligation was a "debt" within the meaning of the FDCPA and the MCPA

13. The contract was allegedly assigned to Wells Fargo Financial Acceptance Michigan, Inc.

14. Plaintiff made no payments on the contract after March 10, 2008.

15. On or about July 2008, Wells Fargo repossessed the vehicle that was collateral for the contract and sold it at a private sale shortly thereafter.

16. The contract was allegedly assigned to Autovest, L.L.C. in July, 2008, after it was in default.

17. On January 30, 2014, defendant filed a collection lawsuit in the 61st District Court (Michigan) in Grand Rapids, Michigan. *Autovest L.L.C. v. Rebecca Huddleston*, case no. 14-GC-544. Copies of the summons and complaint are attached as Ex. 2.

18. Since the state court collection action was based on a contract for sale, that action was subject to the four year statute of limitation at M.C.L. § 440.2725.

19. At the time that defendant filed the lawsuit, the applicable statute of limitations had expired and defendant had no reason to believe that the statute had been tolled.

20. In the course of the collection lawsuit, defendant filed a document entitled "ASSIGNMENT OF INSTALLMENT CONTRACT", Ex 3, that purported to be an assignment from Wells Fargo to Autovest, by Darren Kazich as agent for Wells Fargo Bank, N.A.

21. Upon information and belief, Darren Kazich was not an employee of Wells Fargo Bank, N.A. and was not an agent of Wells Fargo Bank.

22. On or about August 28, 2014, defendant, through its attorneys, sent the plaintiff, through her attorney, requests for admission under MCR 2.312. Ex. 4.

23. Included in defendant's requests for admission was the statement, "13. Please admit that Plaintiff filed the within cause of action within the applicable statute of limitations."

24. Defendant's request for admission was false and misleading, since the applicable statute of limitations is 4 years and the collection lawsuit was not filed within the applicable statute of limitations.

**V.     Claims.**

## COUNT 1, Fair Debt Collection Practices Act

25. Plaintiff incorporates the previous paragraphs by reference.

26. Defendant's filing of a time barred suit in attempt to collect a debt was unconscionable and unfair, in violation of 15 U.S.C. § 1692f.

27. Defendant's filing of a time barred suit was a false and deceptive representation made in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

28. By submitting a false document concerning the alleged assignment of the debt, defendant falsely represented the character and legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A).

29. By submitting a false document concerning the alleged assignment of the debt, defendant used a false representation to collect the debt in violation of 15 U.S.C. § 1692e(10).

30. By submitting a false request for admission, defendant falsely represented the character and legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A).

31. By submitting a false request for admission, defendant used a false representation to collect the debt in violation of 15 U.S.C. § 1692e(10).

WHEREFORE, Plaintiff requests:

A. Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692k(a)(2).

B. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined by the court.

D. Costs of this action and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

## Count 2, Michigan Collection Practices Act

32. Plaintiff incorporates the previous paragraphs by reference.

33. Defendant violated MCL 445.252(e) by making inaccurate, misleading, untrue or

      deceptive statements in a communication to collect a debt.

34.    Defendant violated MCL 445.252(f) by misrepresenting in a communication with a debtor (I) the legal status of a legal action being taken and (ii) the legal rights of a creditor or debtor.

35.    Defendant's actions were willful.

WHEREFORE, Plaintiff requests:

A.    Actual damages, trebled, pursuant to MCL 445.257.

B.    Statutory damages, trebled, pursuant to MCL 445.257.

C.    Injunctive and/or declaratory relief.

D.    Costs of this action and reasonable attorney fees, pursuant to MCL 445.257.

Dated January 9, 2015                              /s/ Michael O. Nelson
                                                        Michael O. Nelson P23546
                                                        Attorney for plaintiff
                                                        1104 Fuller NE
                                                        Grand Rapids, MI 49503
                                                        (616) 559-2665
                                                        Mike@mnelsonlaw.com

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated January 9, 2015                              /s/ Michael O. Nelson