UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL M. HARDEN,

    Plaintiff,

File No. 1:15-cv-34

v.

HON. ROBERT HOLMES BELL

AUTOVEST, L.L.C.,

    Defendant.
                                 /

## O P I N I O N

    Plaintiff Daniel M. Harden brings this action under the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Michigan Collection Practices Act, (MCPA), Mich. Comp. Laws § 445.252, alleging that Defendant Autovest, L.L.C. (Autovest) has improperly filed collection lawsuits against himself and other Michigan consumers. Plaintiff alleges that the lawsuits were improper because they were barred by the applicable statute of limitations and because Autovest falsely represented that it was the assignee of the debt that it sought to recover. Before the Court is Autovest's motion to dismiss the complaint for failure to state a claim (ECF No. 11). Also before the Court is Autovest's motion for sanctions against Plaintiff (ECF No. 16). Both motions will be denied.

### I.

    A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997).

According to the second amended complaint, Mr. Harden purchased a used vehicle from a dealership on February 1, 2008, under a retail installment contract. (2d Am. Compl.

¶ 11, ECF No. 10.)  Sometime thereafter, the contract was assigned to Wells Fargo Financial Acceptance Michigan, Inc.  Harden initially made monthly payments under the contract, but then stopped after August 11, 2009.  The vehicle was repossessed and then sold in December 2009.  The contract was assigned to Autovest in July 2011.  On or about August 25, 2014, more than five years after Harden's last payment, Autovest filed a collection lawsuit against him in state court.  According to the state-court complaint, Autovest asserted that its action was "based on a written instrument," i.e., the sales contract.  (Ex. 2 to 2d Am. Compl., ECF No. 10-2.)  The complaint purported to assert claims based on "breach of contract, open account, account stated, and/or unjust enrichment."  (*Id.*)  During the course of the state proceedings, Autovest allegedly filed a document purporting to show that the contract was assigned to it by Darren Kazich, as agent for Wells Fargo Bank, N.A.  Plaintiff alleges that Mr. Kazich was not an employee or agent of Wells Fargo Bank, N.A., and did not have authority to assign the contract.

Plaintiff claims that Autovest's collection action was "deceptive" within the meaning of the FDCPA for two reasons:  the state-court action was barred by the applicable statute of limitations when it was filed, and Autovest did not have authority to enforce the contract because the assignment from Wells Fargo was not valid.  In the motion to dismiss before the Court, Autovest contends that both bases for the FDCPA claim are meritless.

## II.

A. Statute of Limitations

Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he threat to take any action that cannot legally be taken[.]" 15 U.S.C. § 1692e(5). Mr. Harden contends, and Autovest does not dispute, that filing a time-barred collection lawsuit is prohibited by the FDCPA. *See Hall v. LVNV Funding, LLC*, No. 3:13–CV–00399–H, 2014 WL 5550838, at *2 (W.D. Ky. Oct. 8, 2013) ("[C]ourts widely agree that [the FDCPA, § 1679e,] does prohibit filing a time-barred lawsuit to collect a debt, although the Sixth Circuit has not squarely spoken on the issue."); *see also Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 332 (6th Cir. 2006) ("Although we have never addressed the issue and express no opinion on the question, we note that courts in other circuits have held that the filing of a lawsuit to collect a debt that is barred by the statute of limitations violates several subsections of 15 U.S.C. § 1692e . . . .") (citing cases).

Harden contends that the four-year statute of limitations in Michigan's Uniform Commercial Code (UCC), Mich. Comp. Laws § 440.2725, applied to Autovest's state-court lawsuit because it sought recovery for breach of a contract for the sale of goods. The lawsuit was filed more than four years after the last payment on the contract; thus, Plaintiff contends that it was not timely.

Autovest argues that its action was not time-barred because it also stated claims for account stated, open account, and unjust enrichment. These claims, it contends, were subject to the six-year statute of limitations for contract actions in Mich. Comp. Laws § 600.5807(8), rather than the four-year statute of limitations in the UCC. *See Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc. (Fisher II)*, 837 N.W.2d 244, 254, 260 (Mich. 2013) (holding that the six-year statute of limitations applies to actions for account stated and open account, even when the underlying transaction involves a sale of goods).

To determine which statute of limitation controls, the Court looks to the "true nature" of the claims, not the label applied to them. *Adams v. Adams*, 742 N.W.2d 399, 403 (Mich. Ct. App. 2007). "'The type of interest allegedly harmed is the focal point in determining which limitation period controls.' It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Id.* (quoting *Simmons v. Apex Drug Stores, Inc.*, 506 N.W.2d 562, 564 (Mich. Ct. App. 1993)). The true nature of Autovest's action was a claim for breach of the sales contract. Notwithstanding the labels asserted in its state-court complaint, Autovest did not state viable claims for account stated or open account.

"An account stated action is based on an agreement, between parties who have had previous transactions of a monetary character, that all the items of the accounts representing such transactions are true and that the balance struck is correct, together with a promise,

express or implied, for the payment of such balance." *Fisher II*, 837 N.W.2d at 251 (quotation marks and footnote omitted). In other words, it "'is not an action for the breach of a contract for sale. Rather, it is an action to enforce a subsequent promise to pay an account.'" *Id.* at 255 (quoting 13 Corbin, Contracts (rev. ed.), § 72.4(2), pp. 472–473). Such an action is not subject to the UCC statute of limitations because it depends upon an independent "promise to pay a certain amount that has nothing to do with any underlying sales transactions[.]" *Id.*

A claim for open account is similar to a claim for account stated in that both types of claims involve "a series of transactions for which a balance remains to be paid[.]" *Id.* at 256. In other words, both types of claims seek "to collect on the single liability stemming from the parties' credit relationship regardless of the underlying transactions comprising the account." *Id.* at 259-60. In a claim for open account, however, there is not an agreement on the amount due. *Id.* at 256.

Autovest contends that it asserted a viable claim for account stated because Wells Fargo sent Harden a statement showing the amount that he owed under the contract for the purchase of the vehicle, and he did not respond or otherwise object to this statement. According to Autovest, this failure to object amounted to a separate agreement to pay the remaining amount due, and gave rise to a claim that is not dependent upon the original contract. Autovest fails to recognize, however, that "account" claims are premised upon a course of financial transactions between parties, the terms of which are not set forth in a

written agreement. "An account stated does not apply in a situation where there is a claim that an express contract exists." *Newmeyer v. Frantz-Hager*, No. 313847, 2014 WL 1614702, at *1 (Mich. Ct. App. Apr. 22, 2014); *see Thomasma v. Carpenter*, 141 N.W. 559, 561 (Mich. 1913) ("[Where] an express contract exists[,] [s]uch claim is in no sense an 'account,' within the meaning of the rule as applied to an account stated, or an account rendered. The very fact of the account between the parties implies a dealing, which, as matter of fact, was denied by the defendant in this case."). Autovest did not allege a course of financial transactions in its state court action, nor did it allege that it sent Mr. Harden notice of an amount due and that he assented to this amount. *See Sharp v. Dep't of Corr.*, No. 290154, 2010 WL 625339, at *2 (Mich. Ct. App. Feb. 23, 2010) (finding that plaintiff failed to state an account stated or open account claim because he "has not pleaded any facts demonstrating a course of dealing between the parties"). Merely sending a party a bill for an amount due under a written agreement does not create a new agreement or give rise to a new cause of action. *See Fisher II*, 837 N.W.2d at 258 ("[W]hen an integral component of a transaction for goods or services is an express agreement for the periodic payment of money, an open account claim cannot be established by the mere performance or nonperformance of the contract obligation."). Autovest's state-court action was expressly based on Plaintiff's failure to perform under the terms of a written agreement. It did not allege any facts on which to support viable claims for open account or account stated. Thus,

Autovest's assertion that a longer statute of limitations applied based on such claims is without merit.

Autovest also contends that it stated a claim for unjust enrichment, and it argues that this claim was not subject to the four-year statute of limitations in the UCC. "A claim for unjust enrichment is the equitable counterpart of a legal claim for breach of contract." *Romeo Inv. Ltd. v. Mich. Consol. Gas Co.*, No. 260320, 2007 WL 1264008, at *8 (Mich. Ct. App. May 1, 2007). The Michigan Supreme Court "has long recognized that statutes of limitation may apply by analogy to equitable claims." *Taxpayers Allied for Constitutional Taxation v. Wayne Cnty.*, 537 N.W.2d 596, 600 n.9 (Mich. 1995). "If legal limitations periods did not apply to analogous equitable suits, 'a plaintiff [could] dodge the bar set up by a limitations statute simply by resorting to an alternate form of relief provided by equity.'" *Id.* (quoting *Lothian v. City of Detroit*, 324 N.W.2d 9, 14 (Mich. 1982)). "Thus, when an equitable claim would provide relief that is analogous to the relief available under a similar legal claim, courts typically apply the legal claim's statute of limitations to the equitable claim as well." *Id.* In *Romeo*, the Michigan Court of Appeals held that an equitable claim for unjust enrichment was subject to the statute of limitations applicable to the analogous breach-of-contract claim. *Id.* Thus, the breach-of-contract and unjust-enrichment claims in that case were both covered by the six-year statute of limitations for contract actions in Mich. Comp. Laws § 600.5807(8). Likewise, Autovest contends that its unjust enrichment claim

8

was subject to the six-year statute of limitations in § 600.5807(8), as opposed to the four-year statute of limitations in the UCC.

Autovest's state-court action is distinguishable from *Romeo*. Unlike the contract claim in *Romeo*, which was based on a lease agreement, Autovest's contract claim was based on the sale of goods and was subject to the UCC. Applying the logic of *Romeo* and *Lothian* to this case, Autovest's equitable claim of unjust enrichment sought relief analogous to a breach-of-contract claim brought pursuant to the UCC. The same statute of limitations should apply to both claims; otherwise, Autovest would be able to "dodge" the statute of limitations applicable to its contract claim by "resorting to an alternate form of relief provided by equity." *Lothian*, 324 N.W.2d at 14.

This Court's conclusion is supported by *Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc. (Fisher I)*, 810 N.W.2d 277 (Mich. Ct. App. 2011), in which the Michigan Court of Appeals affirmed the lower court's determination that unjust enrichment claims based on the sale of goods are governed by the statute of limitations in the UCC. *Id.* at 282. The court cited *First of America Bank v. Thompson*, 552 N.W.2d 516 (Mich. Ct. App. 1996), which held that a deficiency action arising out of a security agreement related to the sale of a motor vehicle is subject to the statute of limitations in the UCC. *Thompson*, 552 N.W.2d at 518. Such an action, "although arising from both a sale of goods and a secured transaction," is subject to the UCC because it "relates primarily to the sales aspect of the transaction[.]" *Id.* Similarly, a claim of unjust enrichment may be governed by the statute of limitations in the

UCC where, as here, it relates to the sale of goods. The decision in *Fisher I* was overruled by the Michigan Supreme Court, but solely as to the applicability of the UCC to claims for account stated and open account. *See Fisher II*, 837 N.W.2d at 263 ("Plaintiff did not appeal the dismissal of its breach of contract and unjust enrichment claims.") (Markman, J., dissenting). Thus, *Fisher I* remains good law as to the applicability of the UCC statute of limitations to claims of unjust enrichment that are based on a sale of goods.

Autovest contends that the Michigan Supreme Court's decision in *Fisher II* is controlling, but *Fisher II* did not discuss claims of unjust enrichment. Moreover, its reasoning supports Harden's position. According to that court, "an action on an account stated" is not subject to the UCC statute of limitations because it "is an action on a promise to pay a certain amount that has nothing to do with any underlying sales transactions[.]" *Fisher II*, 837 N.W.2d at 255. In contrast, Autovest's claim for unjust enrichment was premised entirely on the underlying sales transaction. Thus, the four-year statute of limitations in the UCC should apply to that claim.

### B. Improper Assignment

Autovest also disputes Harden's allegation that the assignment of the sales contract was invalid. In support of its position, Autovest offers evidence that Wells Fargo granted it a limited power of attorney to act on Wells Fargo's behalf, and that Darren Kazich acted under that power of attorney when he assigned the rights under the sales contract to Autovest. (*See* Decl. of K. Basha & Form of Limited Power of Attorney, Ex. C to Def.'s Mot. to

Dismiss, ECF No. 11-3.)  The foregoing evidence is beyond the scope of a motion to dismiss under Rule 12(b)(6).  The Court declines to convert Autovest's motion into a motion for summary judgment because its evidence raises questions that deserve further discovery.  As Harden indicates, the power-of-attorney document provides that it is subject to the terms of a separate agreement, but Autovest has not provided a copy of that agreement.  For the foregoing reasons, therefore, Autovest's motion to dismiss will be denied.

### III.

Autovest also seeks sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.  In support of its motion for sanctions, Autovest contends that Harden knowingly filed a meritless suit.  Raising many of the same arguments that are set forth in its motion to dismiss, Autovest asserts that its state-court action was not barred by the statute of limitations.  In addition, Autovest contends that the assignment of the contract was valid, relying on the evidence provided in its motion to dismiss.  Autovest's arguments regarding the timeliness of its state-court action are without merit for the reasons stated above.  Autovest's arguments regarding the validity of the assignment are not properly before the Court.  Thus, Autovest has not demonstrated that sanctions are warranted.  Consequently, its motion for sanctions will be denied.

An order will be entered that is consistent with this Opinion.

Dated: July 29, 2015                                          /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE