UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL M. HARDEN,

        Plaintiff,

                                          File No. 1:15-cv-34

v.

                                          HON. ROBERT HOLMES BELL

AUTOVEST, L.L.C.,

        Defendant.

                                         /

**O P I N I O N**

      Plaintiff Daniel M. Harden brings this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Michigan Regulation of Collection Practices Act (MRCPA), Mich. Comp. Laws § 445.251 et seq., alleging that Defendant Autovest, L.L.C. ("Autovest") has improperly filed collection lawsuits against himself and other Michigan consumers. Plaintiff alleges that he purchased a used truck on February 1, 2008, under a retail installment contract. (2d Am. Compl. ¶ 11, ECF No. 10.) A number of years after he stopped making payments on the vehicle, Defendant sued him in state court to recover the remaining amount due. Plaintiff claims that the state court action was "deceptive" within the meaning of the FDCPA because Defendant brought the action after the statute of limitations for recovering the debt had expired. Before the Court is Defendant's motion for summary judgment (ECF No. 68). Also before the Court is Plaintiff's motion for leave to file

additional documents (ECF No. 98). For the reasons discussed herein, the motions will be denied.

## I.

Rule 56 of the Federal Rules of Civil Procedure requires the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[T]he district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). When such a motion is filed by the defendant, the "plaintiff must do more than rely merely on the allegations of her pleadings or identify a 'metaphysical doubt' or hypothetical 'plausibility' based on a lack of evidence; [a plaintiff] is obliged to come forward with 'specific facts,' based on 'discovery and disclosure materials on file, and any affidavits[.]'" *Chappell v. City of Cleveland*, 585 F.3d 901, 912 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c); *Matushita*, 475 U.S. at 586-87). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

## II.

To prevail on a claim under the FDCPA and/or MRCPA, Plaintiff must establish, among other things, that he is a "consumer" as defined by those statutes and that the "debt" at issue arose out of a transaction which was "'primarily for personal, family or household purposes[.]'" *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 327 (6th Cir. 2012) (quoting *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009)); *see* 15 U.S.C. § 1692a(5) (defining "debt" under the FDCPA); Mich. Comp. Laws § 445.251(a) (defining debt the same way for purposes of the MRCPA). The Court must focus on the purpose for which the debt was incurred. *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 698 F.3d 290, 294 (6th Cir. 2012). Debts that were not incurred primarily for personal, family or household reasons are not "debts" covered by the FDCPA. *See Van Eck v. BAL Global Finance, LLC*, No. 08-CV-13436, 2009 WL 3210992, at *1 (E.D. Mich. Sept. 30, 2009) (dismissing FDCPA claim where debt was incurred for commercial purposes).

Defendant contends that the vehicle purchased by Plaintiff was used for commercial purposes because the license plate number for that vehicle, AC28124, is for a commercial license plate.[1] In Michigan, a commercial vehicle is one that is

> used for the transportation of passengers for hire, or constructed or used for transportation of goods, wares or merchandise, and/or all motor vehicles designed and used for drawing other vehicles and not so constructed as to carry any load thereon either independently or any part of the weight of a vehicle or load so drawn.

---

[1]*See* https://services2.sos.state.mi.us/plates//reservedformats.htm (indicating that a plate starting with two letters and followed by five numbers is a commercial plate).

Mich. Comp. Laws § 257.7. A commercial motor vehicle is *not* one that is used "exclusively to transport personal possessions or family members for a non-business purpose." Mich. Comp. Laws § 257.7a(2) (emphasis added). Thus, according to Defendant, there is no dispute that the debt on the vehicle at issue was incurred for a commercial purpose.

Plaintiff has offered evidence that the AC28124 license plate was originally obtained for a different truck owned by Plaintiff and his father, a 1999 Ford pickup, in November 2007. (*See* Michigan Registration, ECF No. 91-5; Application for Michigan Vehicle Title, ECF No. 91-8.) This plate was later transferred to the truck that was purchased at the Ed Koehn dealership in February 2008, a 2002 Ford F-250. (*See* Receipt for RD-108 Dealer Transaction, ECF No. 91-7; Retail Installment Contract, ECF No. 10-1.)[2]

The foregoing evidence is supported by Plaintiff's testimony that he did not own more than one truck, he used it to go to and from work, and he did not use it for his job. (Pl.'s Dep. 7-8, 34, ECF No. 91-1.) Plaintiff avers that he obtained a "farm" plate for a truck in 2007 because he was working on a farm, and that he used his truck primarily for personal, family

---

[2]Defendant objects that the foregoing documents may not be considered because they are hearsay, but Plaintiff asserts that they are public records under Rule 902(4) of the Federal Rules of Evidence. (Pl.'s Resp., ECF No. 109.) Plaintiff states that he is prepared to provide certified copies of the documents at trial, or a witness who is able to authenticate them. (*Id.*) *See Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (noting that a party opposing summary judgment need not submit documents in a form that is admissible at trial, but must show that it "*can* make good on the promise of the pleadings by laying out enough evidence that *will be* admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary"). The Court finds that Plaintiff has presented sufficient evidence to demonstrate that genuine dispute of fact exists.

or household purposes. (Decl. of Daniel M. Harden, ECF No. 109-1.) Michigan law provides for a reduced registration fee for a truck owned by a "farmer" that is "used for the transportation of the farmer and farmer's family and not used for hire . . . ." *See* Mich. Comp. Laws §§ 257.801(1)(c); 257.802(10). Plaintiff also avers that the words "log" and "farm" appeared on his license plate; thus, he implies that, even though the plate number matched that of a commercial plate, it was actually a farm plate properly used by him for personal transportation.[3] (Harden Decl., ECF No. 109-1.)

Plaintiff's testimony is somewhat undermined by the fact that, contrary to the allegations in the complaint, Plaintiff refuses to acknowledge that he was a party to the retail installment contract. In his deposition, Plaintiff insisted that, even though his name appears on the retail installment contract, and even though he traded in a 1999 Ford F-250 for a new truck as is described on the contract, he did not purchase a 2002 Ford F-250 from the Ed Koehn dealership in February 2008. (Pl.'s Dep. 13, 15, 34.) Rather, he purchased a 2002 Ford F-*350* pickup from that dealership *a month before* the date of the retail installment contract. (*Id.* at 11.)

Defendant objects that Plaintiff's testimony about how he used his truck cannot be considered if Plaintiff maintains that his truck is not the one that was subject to the retail installment contract. But the installment contract itself contradicts Plaintiff's assertion that

---

[3]Plaintiff provides pictures of unknown provenance showing Michigan license plates with commercial lettering bearing a sticker reading "log farm." (ECF Nos. 91-10.) The Court does not consider the pictures to be admissible evidence, but refers to them to provide context for Plaintiff's assertion that his plate contained the words "log" and "farm."

he was not a party to the contract and did not purchase the truck described therein. Thus, at best, Defendant's objection highlights a problem with the *credibility* Plaintiff's testimony, rather than its admissibility. Issues of credibility are matters for the trier of fact to decide; they are not matters to be decided at the summary judgment stage.

In short, viewing the evidence as a whole in the light most favorable to Plaintiff, the Court finds that a genuine issue of fact remains as to the purpose for which the debt was incurred. Plaintiff's evidence indicates that the plate assigned to the vehicle at issue in this case was obtained for a different truck in 2007, long before the retail installment contract was signed. If that is the case, the plate number reveals very little about the purpose for which the debt was incurred in 2008, or about how the truck that was purchased in 2008 was actually used. Plaintiff maintains that any truck owned by him was used primarily for personal, family, or household purposes. A reasonable jury could find that, notwithstanding the type of license plate assigned to the truck, the debt incurred was a consumer debt. Consequently, Defendant is not entitled to summary judgment.

Plaintiff also requests leave to file additional documents in support of its response. These documents are not necessary to decide Defendant's motion. Thus, Plaintiff's request will be denied.

An order will be entered that is consistent with this Opinion.


Dated: <u>May 31, 2016</u>     /s/ Robert Holmes Bell          
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE