UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DANIEL M. HARDEN,

        Plaintiff,

                                  File No. 1:15-cv-34

v.

                                  HON. ROBERT HOLMES BELL

AUTOVEST, L.L.C.,

        Defendant.

_____/

## **O P I N I O N**

Plaintiff Daniel M. Harden brings this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Michigan Regulation of Collection Practices Act (MRCPA), Mich. Comp. Laws § 445.252, alleging that Defendant Autovest, L.L.C. ("Autovest") filed improper lawsuits against himself and other Michigan consumers to collect debt incurred for the purchase of motor vehicles. According to Plaintiff, the lawsuits were improper because they were filed after the expiration of the applicable statute of limitations. Before the Court is Plaintiff's motion to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure (ECF No. 6).

## I.

The motion to certify was initially filed in March 2015, along with the first amended complaint. The complaint was subsequently amended a second time to replace the named plaintiff, Rebecca Sabin, with Daniel Harden. Defendant then filed a motion to dismiss and

a response in opposition to the motion for class certification. After the Court denied the motion to dismiss, Defendant filed a supplemental response in opposition to the motion for class certification (ECF No. 30). At a scheduling conference on September 30, 2015, the Court indicated that it could not grant the motion to certify as presently filed. The Court directed the parties to conduct discovery and to supplement the motion and response thereto. (Case Management Order, ECF No. 39.) The parties have done so. (ECF Nos. 50-52.) For the reasons herein, the motion to certify will be denied.

## II.

Plaintiff proposes two classes in his motion.  For purposes of liability under the FDCPA, Plaintiff proposes a class comprised of

> . . . each natural person who was a defendant in a lawsuit filed by Autovest, LLC in any Michigan court within one year before the filing of this action where: (a) the lawsuit was based on a motor vehicle installment contract or other contract for sale and (b) the lawsuit was filed more than four years after the later of the time that contract became in default or the last payment made by the person on the contract.

(Supplement to Pl.'s Mot. for Class Certification 2, ECF No. 50.)  For purposes of liability under the MRCPA, Plaintiff proposes a class comprised of

> . . . each natural person who was a defendant in a lawsuit filed by Autovest, LLC in any Michigan court within six years before the filing of this action where: (a) the lawsuit was based on a motor vehicle installment contract or other contract for sale and (b) the lawsuit was filed more than four years after the later of the time that contract became in default or the last payment made by the person on that contract.

(*Id.*)

"In order to obtain class certification, [a] plaintiff must first satisfy Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation." *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002). In addition, Rule 23(b)(3), the rule under which Plaintiff seeks class certification, requires "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods" of adjudication.  Fed. R. Civ. P. 23(b)(3).

"The party seeking class certification has the burden to prove the Rule 23 certification requirements."  *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). "[A] judge may consider reasonable inferences drawn from facts before him at that stage of the proceedings . . . ." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 523 (6th Cir. 1976). However, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Such compliance must be checked through a "'rigorous analysis.'" *Id.* (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). "Ordinarily, this means the class determination should be predicated on evidence the parties present concerning the maintainability of the class action." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012). "[T]he district court should not merely presume that the plaintiffs' allegations in the complaint are true for the purposes of [a] class motion without resolving factual and legal issues." *Id.*

3

**A. Mootness**

In its initial response, Defendant argued that Plaintiff's motion was premature and could be rendered moot by an offer of judgment to Plaintiff pursuant to Rule 68 of the Federal Rules of Civil Procedure. That issue has since been resolved by the Supreme Court, which held that an unaccepted offer of judgment does not moot a claim. *Cambell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670 (2016). Because Plaintiff did not accept any such offer from Defendant, Plaintiff's claim is not moot. Furthermore, because the parties have supplemented the motion with additional evidence, the motion is not premature.

**B. Numerosity**

The first prerequisite to class certification, numerosity, requires the plaintiff to demonstrate that the putative class is "so numerous that joinder of all members is impracticable[.]" Fed. R. Civ. P. 23(a)(1). "There is no strict numerical test for determining impracticability of joinder." *In re Am. Med. Sys.,* 75 F.3d at 1079. "The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980). "Nevertheless, while 'the exact number of class members need not be pleaded or proved, impracticability of joinder must be positively shown, and cannot be speculative.'" *Golden v. City of Columbus*, 404 F.3d 950, 965-66 (6th Cir. 2005) (quoting *McGee v. E. Ohio Gas Co.*, 200 F.R.D. 382, 389 (S.D. Ohio 2001)).

Defendant concedes numerosity. (*See* Email from Kathleen Klaus to Michael Nelson, ECF No. 50-1, PageID.420 (stating that 77 lawsuits were filed in the year prior to the filing

of the complaint); *see also* Joint Status Report ¶ 7, ECF No. 31 (stating that Defendant does

not dispute numerosity).)

>   In addition, Plaintiff contends that:

>   [his] counsel has reviewed records of the 61st District Court in Grand Rapids,
>   Michigan.  Although actual numbers are not yet available, it appears from
>   those records that, in that one court alone, defendants have filed dozens of
>   collection lawsuits and many of those suits appear to be time barred.  It is
>   extremely likely, at least as a preliminary matter, that members of the class
>   number in the hundreds and that joinder of all class members is impracticable.

(Pl.'s Br. in Supp. of Mot. for Class Certification 5, ECF No. 7.)

>   It is generally accepted that a class of 40 or more members is sufficient to establish

numerosity. *See In re Am. Med. Sys.*, 75 F.3d at 1076 (noting that a class of 35 has been

found to be sufficient). Consequently, the Court finds that the numerosity requirement has

been met.

### C. Commonality

>   Rule 23(a)(2) requires that there be "questions of law or fact common to the class"

before certification can be granted.  "Commonality requires the plaintiff to demonstrate that

the class members have suffered the same injury." *Wal-Mart Stores,* 564 U.S. at 349-50

(internal quotation marks and citation omitted). "[It] does not merely mean that they have all

suffered a violation of the same provision of law." *Id.*  The named plaintiffs must show that

their claims "depend upon a common contention" that is "of such a nature that it is capable

of classwide resolution—which means that determination of its truth or falsity will resolve

an issue that is central to the validity of each one of the claims in one stroke."  *Id.* at 350. It

"is not the raising of common 'questions'–even in droves–but, rather, the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation" that is determinative. *Id.*

Plaintiff asserts that the claims of the putative class members raise common questions regarding the timeliness of Defendant's collection lawsuits and whether the filing of such lawsuits violated the FDCPA and/or MRCPA. Indeed, the claims raise common questions about whether a lawsuit filed more than four years after default or last payment on a contract for the sale of a motor vehicle is untimely under Michigan law, and whether an untimely attempt to collect a debt is a violation of the FDCPA and/or MRCPA. The Court discussed these issues in its July 29, 2015 opinion on Defendant's motion to dismiss. (ECF No. 22.) Resolution of these issues will generate answers common to the class. Thus, the Court finds that Plaintiff has satisfied the commonality requirement.

### D. Typicality

Rule 23(a)(3) requires that "claims or defenses of the representative parties [be] typical of the claims or defenses of the class."

> Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. . . . [W]hen such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to the class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.

6

*In re Am. Med. Sys.*, 75 F.3d at 1082 (quoting 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3-13, at 3-76 (3d ed. 1992)). The concepts of commonality and typicality "'tend to merge'" in practice because they both "'serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Wal-Mart Stores*, 563 U.S. at 350 n.5 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, , 457 U.S. 147, 157-158 n.13 (1982)).

Defendant argues that Plaintiff's claim is subject to a unique defense. A plaintiff subject to unique defenses can be rendered atypical and not representative of the class. *See Ballan v. Upjohn Co.*, 159 F.R.D. 473, 479-481 (W.D. Mich. 1994). A defense that is peculiar to the named plaintiff can destroy typicality, because such a defense "can distract the named plaintiff to such an extent that his or her representation of the interests of the rest of the class will suffer." *Id.* at 480. In this regard, the typicality requirement overlaps with the requirement that the named plaintiff adequately represent the class. *See Wal-Mart Stores*, 564 U.S. at 349 n.5.

Defendant contends that the license plate for the vehicle ostensibly purchased by Plaintiff is a commercial plate and, thus, the debt incurred for the purchase of that vehicle was not a consumer debt. As the Court explained in an earlier opinion in this case, the FDCPA and MRCPA only apply to debts incurred primarily for personal, family or household purposes. (*See* 5/31/2016 Op. 3, ECF No. 110.) This Court has concluded that a

question of fact remains as to whether the debt at issue in Plaintiff's case was a consumer debt. (*Id.* at 4.)

With regard to Plaintiff's individual claim, the nature of his debt is likely to be the primary focus of the litigation going forward. Further litigation of this issue will not assist the claims of other class members and is likely to impair their interests. Moreover, Plaintiff is likely to find himself in a bind on this issue. In order to establish that the debt was a consumer debt, it may be necessary for Plaintiff to give testimony regarding the reason for incurring it. But it will be difficult for him to do so if he maintains, as he has since Defendant filed its debt-collection action against him in state court, that he is not a party to a retail installment contract with Defendant, that he never incurred the debt at issue, and that he never purchased the truck identified in the contract. (*See* Answers to Interrog., ECF No. 51-6, PageID.463.) Alternatively, if he decides not to testify, he may not be able to establish that the FDCPA and MRCPA apply to his claim.

Plaintiff responds that his objection to being a party to the installment contract does not render his claim atypical compared to claims by other class members. Even if he was not a party to the contract, the FDCPA applies to an attempt to collect "any obligation or *alleged* obligation." 15 U.S.C. § 1692a(5) (defining "debt"). The FDCPA "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt exists." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *see also Bauman v. Bank of Am., N.A.*, 808 F.3d 1097, 1102 (6th Cir. 2015) ("'[A] debtor has standing

to complain of violations of the [FDCPA], regardless of whether a valid debt exists.'") (quoting *Baker*, 677 F.2d at 777).

But if Plaintiff was not a party to the contract, then his FDCPA/MRCPA claim arises under a different legal theory from the claims of proposed class, and his action need not resolve the questions common to the putative class members, i.e., whether Defendant's lawsuits were untimely under Michigan law and whether an untimely action is a violation of the FDCPA and MRCPA. Thus, the Court finds that Plaintiff's claim is not typical of the class.

This case is distinguishable from the case cited by Plaintiff, *Clark v. Retrieval Masters Creditors Bureau, Inc.*, 185 F.R.D. 247 (N.D. Ill. 1999). There, the court concluded that the named plaintiff's testimony that he did not remember owing the debt at issue did not render his FDCPA claim atypical. *Id.* at 249. The defendant argued that the plaintiff would be unable to show that his alleged debt (a hospital bill) was a consumer debt because he could not remember incurring it. The court disagreed, noting that the issue could be easily resolved by reviewing the creditor's and the hospital's records. *Id.* In contrast, records for the sale of the vehicle that Plaintiff claims he did not purchase are unlikely to show whether the purchase was for personal or commercial reasons. This is an issue that Plaintiff will likely have to resolve using his own testimony.

The defendant in *Clark* also argued that the plaintiff's denial that he owed the debt amounted to a unique defense. The court disagreed because the validity of the debt was not at issue; thus, the plaintiff's denial that he owed the debt would not undermine or nullify his

9

FDCPA claim. *Id.* at 249 n.2. Similarly, the Court agrees that Plaintiff's denial does not nullify his FDCPA claim. However, for the reasons stated above, it does put him in a unique position with respect to other class members, and for reasons stated in the next section, it undermines his adequacy as a class representative.

### E. Adequacy

Plaintiff's position that he is not a party to the sales contract also issues raises questions about whether he is an adequate representative of the class. "'To judge the adequacy of representation, courts may consider the honesty and trustworthiness of the named plaintiff.'" *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 431 (6th Cir. 2012) (quoting *Savino v. Computer Credit Inc.*, 164 F.3d 81, 87 (2d Cir. 1998)). "'[W]hen attacks on the credibility of the representative party are so sharp as to jeopardize the interests of absent class members . . . such attacks [should] render a putative class representative inadequate.'" *Id.* (quoting *Pasternak v. Colonial Equities Corp./U.S.A.*, No. H–90–829 (JAC), 1993 WL 306526, at *5 (D. Conn. Feb. 10, 1993)).

Plaintiff's position undermines his credibility because it is directly at odds with the documents in the record, including the purchase agreement itself, which bears his name and a signature "similar" to his own. (Pl.'s Dep., ECF No. 51-7, PageID.474.) At the initial scheduling conference, Plaintiff's counsel acknowledged that Plaintiff had denied that the debt belonged to him during the state-court proceedings, but counsel represented that after Plaintiff looked at the relevant documents, Plaintiff came to the conclusion that it was his contract. (9/30/2015 Hr'g Tr. 10-11, ECF No. 65.) The Court indicated that further

10

discovery, particularly a deposition of Plaintiff, would be helpful to "clear the deck," i.e., to resolve any concerns regarding Plaintiff's adequacy as a representative of the class. (*Id.* at 16.)

Further discovery has not ameliorated the Court's concerns. At his deposition, Plaintiff repeatedly asserted (with "98%" certainty) that he was not a party to the retail installment contract at issue in the state-court action. (Pl.'s Dep., ECF No. 51-7, PageID.475, 479, 481-83, 491-92.) He further testified that he purchased a 2002 Ford F-350, not the 2002 Ford F-250 that is referenced in the contract. (*Id.* at PageID.473, 474, 476-77.) He purchased his truck at the same dealer, but his purchase occurred a month *before* the date in the contract. (*Id.* at PageID.473, 474.) Also, the purchase price for his truck was different than the one in the contract. The amount that he paid was in "[t]he low 20s." (*Id.* at PageID.476.) He "[would not] have financed a six-year-old truck for over $40,000." (*Id.* at PageID.473.) He also claims that he never defaulted on an auto loan, and that he sold his truck; it was not repossessed. (*Id.* at PageID.474.)

Plaintiff's testimony significantly undermines his credibility, jeopardizes his claim, and impairs the interests of the proposed class. Consequently, the Court also finds that he is not an adequate representative.

Therefore, for all the foregoing reasons, the motion to certify a class (ECF No. 6) will be denied.

An order will be entered that is consistent with this Opinion.


Dated: <u>August 19, 2016</u>                    <u>/s/ Robert Holmes Bell</u>
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE

11