UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL M. HARDEN,

    Plaintiff,

v.

AUTOVEST, L.L.C.,

    Defendant.
_____/

File No. 1:15-cv-34

HON. ROBERT HOLMES BELL

### **O P I N I O N**

Plaintiff Daniel Harden brings this action against Defendant Autovest, LLC (Autovest), claiming that Defendant filed a time-barred debt collection action against him in state court, in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Before the Court are Autovest's motions in limine (ECF Nos. 119, 146), Harden's motion in limine (ECF No. 129), and Autovest's motion to dismiss Plaintiff's claim for attorney's fees (ECF No. 152).

**A. Bona Fide Error Defense**

Several of the motions in limine raise issues related to Autovest's "bona fide error" defense. "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

Autovest apparently intends to show that the filing of its action against Plaintiff in state court was the result of a bona fide error because its counsel informed it that Michigan law provided for a 6-year statute of limitations. This Court held that the applicable statute of limitations was four years. (7/29/2015 Op., ECF No. 22.) The Court asked the parties to brief the issue of whether the bona fide error defense is available to Defendant in the circumstances of this case, where Defendant claims that it made a mistake regarding the requirements of state law. The parties have done so.

In *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 538 F.3d 469 (6th Cir. 2008) ("*Jerman I*"), the Sixth Circuit held that the bona fide error defense is generally available for mistakes of law. *Id.* at 476; *accord Durthaler v. Accounts Receivable Mgmt., Inc.*, 854 F. Supp. 2d 485, 493 (S.D. Ohio 2012) (citing *Jerman I*); *Rice v. Javitch Block & Rathbone, LLP*, Nos. 2:04–cv–00951, 2:04–cv–00972, 2011 WL 3861701, at *6 (S.D. Ohio Aug. 31, 2011) (same). However, the Sixth Circuit's decision was reversed by the Supreme Court. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010) ("*Jerman II*"). The Supreme Court held that the bona fide error defense does not apply to a mistake in the interpretation of the FDCPA. *Id.* at 605-06. It declined to decide whether the defense would apply to other mistakes of law, such as a mistake of state law. *Id.* at 580 n.4.

Some courts have extended the reasoning in *Jerman II* to mistakes of state law. *See, e.g.*, *Moxley v. Pfundstein*, 2012 WL 4848973 (N.D. Ohio Oct. 11, 2012) (misinterpretation of Ohio law is not a bona fide error); *McDermott v. Marcus, Errico, Emmer & Brooks, PC*, 911 F. Supp. 2d 1, 82 (D. Mass 2012) ("Three principles used to support the holding in

2

*Jerman* lead to the conclusion that section 1692k(2) does not encompass mistakes based on state law."); *New v. Gemini Capital Corp.*, 859 F. Supp. 2d 990, 998 (S.D. Iowa 2012) (reasoning of *Jerman II* applies to mistakes of state law); *Ballou v. Law Offices Howard Lee Schiff, PC*, 713 F. Supp. 2d 79 (D. Conn. 2010) (same); *see also Chung v. Shapiro & Denardo, LLC*, 2015 WL 3746332 (D.N.J. June 15, 2015) (mistakes of law do not provide immunity). The Sixth Circuit has also suggested, but has not expressly held, that the reasoning in *Jerman II* extends to mistakes of state law. *See Wise v. Zwicker & Assocs., PC*, 780 F.3d 710, 713 (6th Cir. 2015) ("The Supreme Court declined to address whether the defense is available for mistakes of law other than the FDCPA itself, but the discussion of the affirmative defense makes clear that mistakes of state law can give rise to liability.") (citation omitted).

In contrast, other courts in this Circuit have held that the bona fide error defense is available to mistakes of state law, even after *Jerman II*. *See, e.g.*, *Stratton v. Portfolio Recovery Assocs., LLC*, 171 F. Supp. 3d 585 (E.D. Ky. 2016) ("This affirmative defense applies to both mistakes of state law and clerical errors.") (citing *Wise*); *Newton v. Portfolio Recovery Assocs., LLC*, 2014 WL 340414, at *6 (S.D. Ohio Jan. 30, 2014) (citing *Durthaler*, but noting that mistakes in interpretation of the FDCPA are not bona fide errors). Autovest relies upon a case outside the Sixth Circuit, *Gray v. Suttell & Assocs.*, 123 F. Supp. 3d 1283 (E.D. Wash. 2015). *See id.* at 1289 ("The trend in the case law appears to be toward allowing the bona fide error defense where the law is not clear[.]"). But *Gray* relies on cases decided before *Jerman II*, and does not address the reasons given by the Supreme Court that would

3

apply to all mistakes of law, including mistakes of state law. *See McDermott*, 911 F. Supp. 2d at 82.

The Court is persuaded that the bona fide error defense does not extend to mistakes of state law. In *Jerman II*, the Supreme Court gave several reasons for its holding that a mistake in what is required by the FDCPA is not subject to the bona fide error defense. Among them are: (1) "the 'common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally"; (2) "when Congress has intended to provide a mistake-of-law defense to civil liability, it has often done so more explicitly than [in the FDCPA]"; (3) violations of the FDCPA need not be "willful," "a term more often understood in the civil context to excuse mistakes of law"; (4) the aspect of the bona-fide error defense requiring "procedures reasonably adapted to avoid any such error" is "more naturally read to apply to processes that have mechanical or other such 'regular orderly' steps to avoid mistakes," but "legal reasoning is not a mechanical or strictly linear process"; (5) "the uniform interpretations of three Courts of Appeals holding that the TILA defense[, which is identical to the bona-fide error defense in the FDCPA,] does not extend to mistakes of law"; (6) concern that "nonlawyer debt collectors could obtain blanket immunity for mistaken interpretations of the FDCPA simply by seeking the advice of legal counsel"; and (7) concern that "consumers will have little incentive to bring enforcement actions 'where the law [i]s at all unsettled, because in such circumstances a debt collector could easily claim bona fide error of law.'" *Jerman II*, 559 U.S. at 581-603 (citations omitted). All of these reasons also apply to mistakes of state law. The Supreme Court did not, as Autovest suggests,

4

distinguish errors in interpretation of the FDCPA from errors of state law. Rather, the Court held that the issue of errors of state law was not before the Court. *Id.* at 580 n.4. Thus, the reasoning in *Jerman II* is consistent with the conclusion that a mistake of state law is not a bona fide error.

Autovest contends that the Supreme Court held that errors regarding a violation of the FDCPA can never be not intentional, but Autovest makes no compelling argument for why a violation of the FDCPA is intentional when it involves a mistaken interpretation of the FDCPA, but not intentional when it involves a mistaken interpretation of state law. *See Jerman II*, 559 U.S. at 582 ("Our law is . . . no stranger to the possibility that an act may be 'intentional' for purposes of civil liability, even if the actor lacked actual knowledge that her conduct violated the law."). Whether the mistake is in interpretation of state law or a mistake in interpretation of the FDCPA, it is still a mistake of law, and has the same effect on a party's intent with respect to the violation.

Thus, the Court concludes that the bona fide error defense is not available to Autovest. Its alleged mistake in interpreting the applicable statute of limitations under Michigan law is not an error to which the defense would apply.

### B. Autovest's First Motion in Limine

#### 1. Secretary of State records

Autovest asks the Court to exclude as evidence records introduced by Plaintiff from the Secretary of State that are not properly authenticated and for which no foundation is laid. Harden does not object to these requirements per se; rather, he asserts that he will introduce

5

records that have been certified. Certified records from the Secretary of State are self-authenticating and are not hearsay. *People v. Khobasha*, No. 257484, 2006 WL 932408, at *4 (Mich. Ct. App. Apr. 11, 2006) (citing Mich. R. Evid. 803(8), 902(1)); *see United States v. Crute*, 238 F. App'x 903, 905 (3d Cir. 2007) (state vehicle registration records are excluded from hearsay under Fed. R. Evid. 803(8)); *see also* Fed. R. 902(4) (describing certified copies of official records as self-authenticating). Accordingly, the Court will permit Harden to introduce certified records or certified copies of records from the Secretary of State.

### 2. Evidence of Litigation in Other States

Autovest contends that Harden seeks to introduce evidence that it has filed time-barred actions in states outside of Michigan. Autovest contends that this evidence is irrelevant and is more prejudicial than probative. Harden contends that the evidence is relevant to Autovest's bona fide error defense. Because the bona fide error defense is not available, however, the Court agrees that this evidence is not relevant to the issues in dispute in this matter, namely, whether Autovest sought to recover a debt from Plaintiff that is covered by the FDCPA. At this stage of the proceedings, there is no dispute that Autovest filed a time-barred action against Plaintiff. Thus, Autovest's motion will be granted as to this evidence.

### C. Autovest's Second Motion in Limine & Motion to Dismiss

Autovest seeks to exclude Harden's claim for attorney's fees and costs under the FDCPA, which, "in the case of a successful action," provides for recovery of "the costs of

the action together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). First, Autovest notes that Harden did not disclose that he was seeking such fees or costs as damages. Because the amount of attorney's fees and costs will not be presented to the jury, and is not an issue for trial, the Court will defer a ruling on this issue. Autovest can re-raise the issue in an objection to a post-trial motion for attorney's fees and costs.

Second, Autovest contends that Harden lacks standing to pursue attorney's fees and costs under Article III of the Constitution, because Harden assigned the right to these fees to his attorney. Autovest has also filed a motion to dismiss Harden's claim for attorney's fees for the same reason.

The retainer agreement between Harden and his attorney states that:

> Client assigns over to Attorneys any right to all attorney's fees and costs that are obtainable under 15 U.S.C. § 1692k. If through settlement or court award attorney's fees and costs are obtained in this matter, Client expressly disclaims these amounts of attorney's fees and costs and agrees that such attorney's fees and costs are to be paid by the Defendant directly to Attorneys.

(ECF No. 136.) Although this provision assigns Harden's rights to attorney's fees and costs that are "obtainable" and that "are obtained," it does not assign Harden's right to recovery of those fees and costs. Autovest's interpretation of the agreement is wholly inconsistent the language and plain intent of the parties. Autovest's interpretation would render attorney's fees and costs unobtainable, because if Harden cannot recover the attorney's fees and costs, then no one can. Harden's attorney is not a party to this action, and does not have standing to bring a claim on his own behalf under the FDCPA. Harden and his attorney could not have

intended that this clause would prevent Harden and/or his attorney from obtaining any attorney's fees and costs. Thus, the motion in limine and motion to dismiss will be denied.

### D. Harden's Motion in Limine

In his motion in limine, Harden seeks to exclude the expert testimony of Richard Roosen, counsel for Autovest at the time that it filed its collection lawsuit against Plaintiff. Roosen will allegedly testify about the advice that he gave Autovest regarding the statute of limitations. This testimony is necessary for, and relevant to, Autovest's bona fide error defense. Harden seeks to exclude this testimony because Roosen was not properly disclosed as an expert. The Court finds that this testimony is irrelevant because the bona fide error defense is not available to Defendant. Consequently, Harden's motion will be granted on relevance grounds.

An order will be entered consistent with this opinion.

Dated: November 30, 2016                 /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE